■  BUSH HOMES, INC., et al., Respondents, v. FRANKLIN NATIONAL BANK OF LONG ISLAND, Appellant. CLINTON G. BUSH COMPANY, Respondent, v. FRANKLIN NATIONAL BANK OF LONG ISLAND, Appellant. (And Two Other Actions.) — In four actions pending in the Supreme Court, two in Suffolk County and two in Nassau County (see 20 A D 2d 904), the sole defendant (The Franklin National Bank of Long Island) appeals from four orders of the Supreme Court, each made in Nassau County on December 8, 1964 (the orders in the Nassau County actions being entered in that county on December 8, 1964 and those in the Suffolk County actions being entered on December 14, 1964) each of which denied a respective motion made by said defendant in each such action for summary judgment under CPLR 3212 on the ground that the plaintiff or plaintiffs had sold its or their cause or causes of action prior to the commencement of action. The appeals were consolidated by stipulation. Orders affirmed, with a single bill of $10 costs and disbursements payable to the plaintiffs jointly. Plaintiffs are a partnership and two corporations whose capital stock at all relevant times has been owned by the partnership. These actions, commenced in 1962, are in the composite to recover damages variously for one or more of the plaintiffs against a bank with which plaintiffs had had financial dealings for some years up to some time in 1961 for breach of commitment to lend money, dishonoring checks drawn on defendant, exacting usurious payments, and reneging on agreements which renewed various promissory notes. Prior to the commencement of the actions, the plaintiff corporations and another corporation (whose capital stock was also owned by the partnership) made a sale to a corporation which is not a party to these actions of what defendant claims constituted all the assets of the plaintiffs, excepting the rights in a certain other pending lawsuit against still another party, which rights were expressly excluded from the sale; and the plaintiff partnership joined in the sale transaction to the extent of transferring to the buyer all its interest in the assets being sold. The sale was evidenced by two instruments of transfer, one executed by the three selling corporations and the other by the partnership. The transaction was closed in pursuance of an underlying written agreement of sale which had been executed by the three corporations and the partnership. No specific reference was made in the documents to the causes which have been

sued on in these actions. The general description in the documents of the assets being transferred was broad enough to mandate a conclusion that those causes were included in the sale, viz., "all" of the sellers' "causes in action * * * and all other assets, tangible and intangible, if any," were it not for the verbiage immediately thereafter. That verbiage could be taken as a limitation to assets which had been used in or derived from transactions actually involving manufacturing or product distribution, excluding items pertaining to bank dealings. That verbiage is that the assets being sold were those "used * * * in the business" of the sellers, which was described as "wholesale lumber distribution and the manufacture and erection and construction of prefabricated buildings." The papers in opposition to the motions include, *inter alia,* factual matter tending to show that the causes against defendant were not contemplated by the parties to the sale as being included in the sale, that the chief executive of the buyer corporation knew that these actions were intended to be brought by plaintiffs, and that neither the buyer corporation nor anyone else other than plaintiffs has ever asserted these causes against defendant. Under the circumstances, the construction to be given to the provisions governing the extent of the assets included in the sale "depends upon the sense in which the words were used in view of the subject to which they relate," and therefore a trial should be held, at which the court should take "proof of collateral facts and surrounding circumstances" (*Petrie* v. *Trustees of Hamilton Coll.,* 158 N. Y. 458, 464; *Lachs* v. *Fidelity & Cas. Co. of N. Y.,* 306 N. Y. 357, 364). Moreover, defendant was a stranger to the sale transaction and, therefore, in the absence of definite and clear language in the documents to the effect that the defendant was intended to be benefited by the sale transaction, the rule precluding parol evidence is not available to defendant (*Oxford Commercial Corp.* v. *Landau,* 12 N Y 2d 362). Christ, Acting P. J., Brennan, Rabin and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse each of the orders, and to grant the defendant's motions for summary judgment, with the following memorandum: As I read the contract of sale and instruments of sale executed by the plaintiffs, the causes of action on which they now seek relief were assigned by them to a third person (not joined as a party in the complaints) prior to the institution of the suits. I find no ambiguity in the expression used in the contract and instruments of sale assigning "all * * * causes of action * * * and all other assets, tangible and intangible, if any, used, pertaining to or owned by the Companies, in the business heretofore conducted by Companies, or pertaining to or owned by Bush in connection with, involved in or related to the business of wholesale lumber distribution and the manufacture and erection and construction of prefabricated buildings." That language effectively and without restriction deprived the plaintiffs of the right to sue on the causes here alleged. Nor do I find any exception with respect to the nature of the causes of action alleged by the plaintiffs. In my opinion, the causes of action clearly relate to and arise from the business of the plaintiffs as described in the papers of title. Moreover, parol evidence to demonstrate that the parties to the documents did not intend to assign the present causes of action cannot be used by the plaintiffs. The defendant may rely on the rule that parol evidence is inadmissible for that purpose (cf. *Oxford Commercial Corp.* v. *Landau,* 12 N Y 2d 362, 365; 4 Williston, Contracts [3d ed.], § 647, pp. 1161–1167), since the instruments ostensibly and realistically remove from the plaintiffs the cause of action asserted against the defendant; it is, therefore, a person entitled to protection under the terms of the instruments from useless and vexatious litigation, which must arise if integrated instruments are allowed to be fragmentized and corrected unilaterally by parol.